U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - MONROE

APR 0 6 2009

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | Cr. A. No. 03-30020-01 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| HOWARD C. WALKER | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Concurrent Sentences [Doc. No. 41] filed by Defendant Howard C. Walker ("Walker"), pro se. Walker argues that the Court should amend his federal sentence to order it to run concurrently to the state sentence he is currently serving.

The Court originally sentenced Walker on September 15, 2003, to a term of imprisonment of 46 months. While on supervised release from his earlier sentence, Walker committed the technical violations of failing to update his residence information with the United States Probation Office, failing to work regularly at a lawful occupation, and failing to comply with his substance abuse treatment plan. On January 7, 2008, the Court held a hearing during which Walker admitted these violations, and the Court sentenced him to a term of imprisonment of seven (7) months. The Court did not state in its Judgment that this sentence was to run concurrently with any sentence imposed in state court. Accordingly, the sentence is run consecutively to his state sentence. Pursuant to Federal Rule of Criminal Procedure 35(a), a court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error within seven days of the date a defendant was sentenced. Fed. R. Crim. P. 35(a), (c). This seven-day time limit is jurisdictional. See United States v. Bridges,

1

116 F.3d 1110, 1112 (5th Cir.1997); United States v. Lopez, 26 F.3d 512, 518-520 (5th Cir.1994). Here, more than seven days have passed since sentence was imposed, and Walker does not contend that there was an arithmetical, technical, or other clear error. Thus, Rule 35(a) does not apply.[1]

Likewise, Federal Rule of Criminal Procedure 36, which provides a method to correct clerical mistakes in judgments, orders or other parts of the record at any time, does not apply.

A district court's authority to amend a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35. 18 U.S.C. § 3582(c)(1)(B). As set forth above, Rule 35 does not apply, and Walker's requested reasons for modification, to allow him to be on work release or to go to a halfway house so he can obtain a job, are not permissible under § 3582.

Finally, even if this Court had the authority to amend Walker's sentence, it would not do so in this case. While the Court sincerely hopes that Walker is remorseful for his crimes and will soon become a responsible member of society, his actions while under this Court's supervision do not demonstrate that he learned from his mistakes in the five years between the Court's first encounter with him and the revocation of his supervised release.

IT IS ORDERED that Walker's Motion for Concurrent Sentences is DENIED.

MONROE, LOUISIANA this 4 day of April, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Government could also move under Rule 35(b) for the Court to reduce a defendant's sentence because of his substantial assistance to the Government. However, no such motion has been filed.

2